MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

SUSAN E. BADGER (CABN 124365)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7199
    FAX: (415) 436-7234
    Susan.Badger@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>KEVIN KOFF,<br><br>    Defendant. | No. CR 14-0270 EMC (EDL)<br><br>**ORDER OF DETENTION**<br>**PENDING TRIAL** |

This matter came before the Court on June 19, 2014 for detention hearing. Defendant Kevin Koff was present and represented by Assistant Federal Public Defender Rita Bosworth. Assistant United States Attorney Susan Badger appeared for the government.

Pretrial Services provided a report prepared by the Pretrial Services Office in Reno, Nevada in conjunction with the defendant's initial appearance in the District of Nevada on May 23, 2014. The Pretrial Services Office in San Francisco also provided an addendum prepared after the defendant made his initial appearance in the Northern District of California on June 16, 2014 before Magistrate Judge Nathanael Cousins. A representative of Pretrial Services was present at the June 19, 2014 hearing. The government moved for detention, which the defendant opposed. Proffers and arguments regarding

detention were submitted by the parties at the hearing.

Upon consideration of the facts, proffers, and arguments presented, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community. In addition, the Court finds by a preponderance of the evidence that there no condition or combination of conditions will reasonably assure the appearance of the defendant as required. Accordingly, the Court concludes that the defendant must be detained pending trial in this matter. 18 U.S.C. § 3142(e).

The present order supplements the Court's findings at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).

The Court makes the following findings as the basis for its conclusion that no condition or combination of conditions will reasonably assure the safety of other persons in the community. First, while the Court considers the facts of the instant case to be the least important factor in its determination regarding sentencing, this case involves possession of child pornography, which is a crime of violence pursuant to 18 U.S.C. § 3156(a)(4)(C). Second, the government proffered evidence that the defendant recently possessed child pornography even though he was served with a search warrant and arrested for possession of child pornography several months earlier. Federal authorities executed a search warrant at the defendant's San Francisco apartment on October 9, 2013, advised the defendant that they were searching for child pornography, provided defendant with a copy of the search warrant, seized several computers, and local authorities arrested the defendant on state child pornography charges. Shortly thereafter, the local charges were dismissed in anticipation of federal prosecution. On May 15, 2014, a federal grand jury in the Northern District of California returned the indictment in the instant case charging the defendant with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The government proffered evidence that when the defendant was arrested on the instant charge in Carson City, Nevada on May 22, 2014, he was in possession of a laptop computer and provided consent to the seizure and search of the computer. A forensic examination of the computer revealed the use of internet search terms consistent with searching for child pornography, images of child pornography, and searches for tools that can facilitate anonymous use of the internet. He also lacks a viable surety, as explained below.

The Court makes the following findings as basis for its conclusion that no condition or combination of conditions will reasonably assure the defendant's appearance at court proceedings and for surrender for service of any sentence the Court may impose. First, the defendant moved from San Francisco, where he had resided since 1987, only several months after the October 9, 2013 search of his San Francisco residence. The defendant was subsequently located in Carson City, Nevada, where he was arrested on May 22, 2014. The government did not present any evidence or argue that the defendant's decision to move was motivated by an intention to avoid the present charges. However, the government proffered evidence that the defendant was difficult to locate through any of the typical means of researching public records and public and private databases. For instance, when the defendant updated his Nevada driver's license in January 2014, he provided the street address of what turned out to be the address of a private mailbox facility in Elko, Nevada as his physical address. The government stated that the defendant was only located by fortuity when a vehicle with the Nevada license plate registered to the defendant was observed in the vicinity of the apartment complex in Carson City where the defendant was found living.

Second, the government proffered information that the defendant had been known to use another name. The Comcast internet account used by the defendant at his apartment in San Francisco and through which he operated the peer-to-peer software through which others could download child pornography from his computer was in the name of Len Griffen. The government proffered that the Len Griffen associated with the account information has been located in Maryland and interviewed. He does not know the defendant or anything about the Comcast account in San Francisco under his name. Mr. Griffen advised interviewing officers that he had been the victim of identity theft.

Third, there is no viable surety who knows the defendant and can assure the Court that the defendant will not pose a danger to the community or pose a flight risk. According to the defendant, his mother is prepared to sign a bond. However, the Court finds that the defendant's mother is not a suitable surety. According to Pretrial Services' Addendum report, she told Pretrial Services that she could not assist with bail, is disabled, has no money, and is very ill. She lives in Pennsylvania and according to the initial Pretrial Services Report, she told the Pretrial Officer that she had not seen the defendant since 2000 and he would not tell her where he was living. According to the initial Pretrial

1 Services report, she also previously advised that she had not spoken to her son for a long time; although
2 she recently stated that she has maintained contact since the October 2013 arrest.  No other surety has
3 been offered by the defendant.  Without a viable surety, and considering the distance the defendant
4 would have to travel to court if he were released to live in his Carson City apartment, the Court is not
5 convinced that home detention under electronic monitoring would be sufficient to assure the defendant's
6 appearances.

   For these reasons, the Court finds that the defendant poses a risk of danger to other persons and
the community that cannot be mitigated adequately by conditions of release, and finds that no condition
or combination of conditions will reasonably assure the defendant's appearance as required.

   Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

   1. Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

   2. Defendant be afforded reasonable opportunity for private consultation with counsel; and

   3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

   SO ORDERED.

Dated: June 23, 2014

_____
HONORABLE ELIZABETH D. LAPORTE
United States Chief Magistrate Judge